**Ruth Mistica COMETA, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 01–71242.

I & NS No. A70–947–879.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2002 *.

Decided April 19, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before CHOY, FERGUSON and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Ruth Mistica Cometa petitions for review of the Board of Immigration Appeals' ("BIA") final decision dismissing her appeal of the Immigration Judge's ("IJ") decision denying her application for asylum and withholding of removal. On appeal, Cometa argues that the BIA's decision should be reversed because it erred in finding that: (1) her testimony was not credible; and (2) she had not established past persecution based on one of the five enumerated grounds. We have jurisdiction pursuant to 8 U.S.C. § 1252, and grant the petition for review.

I. Cometa's Credibility

We review adverse credibility findings under the substantial evidence standard. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). Where the BIA's decision incorporates the IJ's, we review the IJ's decision. *Id.* The IJ must give "a legitimate articulable basis to question the petitioner's credibility and ... a specific, cogent reason for any stated disbelief." *Id.*

The IJ found, and the BIA agreed, that Cometa's testimony was not credible because of inconsistencies and because certain aspects of her testimony were implausible. The IJ identified three problematic areas of Cometa's testimony: (1) the New People's Army's ("NPA") supposed ignorance of the fact that she was either living

** This disposition is not appropriate for publication and may not be cited to or by the

at, or frequently visiting, her parents' home from 1987 until she moved to Saudi Arabia; (2) Cometa's differing testimony about where she lived during that period; and (3) Cometa's claim that the police did not know of the NPA's extortion efforts until she made her report. None of these reasons provide a legitimate, articulable basis for an adverse credibility finding.

The IJ reasoned that, if the NPA was as interested in Cometa's whereabouts as she claimed, they would have known that she was often at her parents' home from 1987 until she left for Saudi Arabia. In the IJ's view, the fact that they did not target her during that time cast doubt upon her persecution claim. The IJ also disbelieved Cometa's claim that the police were unaware of the NPA's actions and that they did not take action until her report. However, the IJ could only speculate regarding the timing of the NPA's threats against Cometa and what the authorities knew about the NPA's activities. Speculation does not constitute substantial evidence and cannot be the basis of an adverse credibility finding. *See Lopez–Reyes v. INS*, 79 F.3d 908, 912 (9th Cir.1996).

Further, although Cometa gave inconsistent testimony regarding where she lived from 1987 until she moved to Saudi Arabia, these inconsistencies did not undermine her testimony concerning the NPA's threats against her. Minor inconsistencies in an applicant's testimony that do not go to the heart of the applicant's asylum claim cannot be the basis of an adverse credibility determination. *See Chand v. INS*, 222 F.3d 1066, 1070 n. 4 (9th Cir.2000). The heart of Cometa's asylum claim is that she was targeted by the NPA because she opposed their extortion of money from villagers and reported their illegal activities

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

to the police. Her belief that she would be harmed by the NPA was based on Malabanan's threats against her in 1987 and on two incidents in which shots were fired into her parents' house while she was visiting home. The inconsistencies in Cometa's testimony about where she lived between 1987 and her departure for Saudi Arabia have no bearing on these incidents, which form the basis for Cometa's asylum claim. We therefore conclude that these minor inconsistencies do not go to the heart of her asylum claim, and cannot form the basis for an adverse credibility determination.

Because the IJ did not have a legitimate, articulable basis for an adverse credibility finding, the finding is not supported by substantial evidence. *See Lopez–Reyes*, 79 F.3d at 912.

II. Eligibility for Asylum and Withholding of Removal

■ We review the BIA's decision that an applicant has not proven eligibility for asylum under the substantial evidence standard. *Ochave v. INS*, 254 F.3d 859, 861–62 (9th Cir.2001). The BIA's decision whether to withhold removal is also reviewed under the substantial evidence standard. *Del Carmen Molina v. INS*, 170 F.3d 1247, 1249 (9th Cir.1999).

■ The IJ ruled that, even if he found Cometa's testimony to be credible, he would have denied the application because she did not produce documentary corroboration. The BIA, however, was correct in rejecting this ruling. *See Gui*, 280 F.3d at 1227 (stating that "[t]his court has long held that, where allegations are otherwise unrefuted and credible, the IJ may not require corroboration of claims") (citing *Ladha v. INS*, 215 F.3d 889, 899 (9th Cir.2000)). Thus, the BIA's decision was based entirely upon the erroneous credibility ruling and is, therefore, not supported by substantial evidence.

■ Cometa urges this panel to hold that she is eligible for asylum and withholding of removal instead of remanding the case to the BIA. This court will not remand a case to the BIA if, based on the record on appeal, it would clearly be compelled to reverse the BIA if it ruled against the applicant. *Navas v. INS*, 217 F.3d 646, 662 (9th Cir.2000). However, because there is room for doubt as to whether the INS established that the conditions in the Philippines had improved to such an extent as to overcome the presumption of a well-founded fear of future persecution, further proceedings are necessary. *See id.*

Petition GRANTED. Case REMANDED to the BIA.