# United States Court of Appeals
## For the First Circuit

No. 05-2144

CESAR AUGUSTO ESTRADA-HENAO,

Petitioner

v.

ALBERTO GONZALES, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF

THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, Chief Judge,

Lynch and Howard, Circuit Judges.

Jose A. Espinosa on brief for petitioner.
Michael J. Sullivan, United States Attorney, and Gina Walcott-Torres, Assistant United States Attorney, on brief for respondent.

June 27, 2006

**Per Curiam**.  Cesar Augusto Estrada-Henao, a national of Colombia, was detained on June 4, 2001, near Rio Grande City, Texas.  Removal proceedings were begun on the ground that he was in the United States without having been lawfully admitted.  8 U.S.C. § 1182(a)(6)(A)(i) (2000).  Estrada applied for asylum and for withholding of removal under 8 U.S.C. §§ 1158, 1231(b)(3)(A) and under the Convention Against Torture ("CAT"), 1465 U.N.T.S. 85; see also 8 C.F.R. § 208.18 (2006) (implementing the convention).

It is common knowledge, documented by State Department reports, that Colombia is a democracy but afflicted with violence from leftist guerrillas and right-wing paramilitary organizations.  Kidnapping, for political reasons and to raise money through ransoms, is common.  In his application for asylum and withholding, Estrada claimed that, while working as an insurance company representative, he was kidnapped by such a group seeking financial information about wealthy clients, and thereafter ransomed by his family.  He also said that after his departure from Colombia family members had reported threatening calls inquiring about Estrada.

The immigration judge ("IJ"), following a hearing, rejected Estrada's claims, saying that Estrada was not credible. The IJ decision stressed Estrada's lack of any documentation (e.g., proof that he had been employed by the insurance company) and various inconsistencies as between his asylum application and his testimony (e.g., as to whether he had escaped or been kidnapped).

-2-

The IJ found that Estrada had not established either a well-founded fear of persecution for his political views or a plausible threat of torture. The Bureau of Immigration Appeals affirmed without opinion.

In this court, Estrada argues that the inconsistencies were minor, that lack of documentation should not make his testimony incredible and that failure to show reasonable fear of political persecution does not preclude a showing of likely torture. Our review, directed to the IJ decision, Waweru v. Gonzales, 437 F.3d 199, 203 (1st Cir. 2006), is de novo on questions of law but deferential as to factual findings, including credibility. Singh v. Gonzales, 413 F.3d 156, 159-60 (1st Cir. 2005); 8 U.S.C. § 1252(b)(4) (2000 & U.S.C.A. 2005).

The inconsistencies or other oddities in the testimony were not, taken together, trivial. The most remarkable is that Estrada claimed in his testimony to have been threatened by right-wing groups before the kidnapping, did not mention the threats in his asylum application and then testified that he had been kidnapped by FARC or the like (FARC is the most notorious of the left-wing groups). There were further discrepancies between his testimony and asylum application as to dates, whether he escaped or was ransomed, and how he traveled to this country.

Making judgments as to credibility, difficult enough in ordinary situations, is made even harder where some deviations

-3-

(e.g., between asylum applications and testimony) may result from the conditions under which the information was elicited and where translation difficulties may account for discrepancies. But, having read the transcript of the hearing in this case, we conclude that the IJ did not act irrationally or without substantial evidence in refusing to believe Estrada's basic story. Settenda v. Ashcroft, 377 F.3d 89, 93 (1st Cir. 2004) (substantial evidence standard).

There is no rule, as Estrada suggests, that inconsistencies be "wildly" inconsistent, nor does Nikijuluw v. Gonzales, 427 F.3d 115 (1st Cir. 2005), so hold. Testimony, together with contextual evidence, comprises a mosaic; its assessment depends upon a number of factors (such as expected probability of events and their fit together) and clues (self-interest, memory as to detail, self-contradiction) which even Wigmore found difficult to reduce to a formula.

As for Estrada's lack of documentation, we agree with him that it is not automatically fatal, 8 C.F.R. § 1208.13(a) (2006), but once again context matters: where documentation would naturally be expected, its lack can count against the applicant. Kheireddine v. Gonzales, 427 F.3d 80, 88 (1st Cir. 2005). Here, the absence of any materials bearing out Estrada's employment history or account of the kidnapping and ransom--considering that Estrada claimed to be in contact with his family--could rationally

-4-

be given some weight by the IJ, whose experience in assessing asylum seeker stories, and the proof normally available, counts for something.

Finally, having rejected Estrada's claim for asylum as not supported by credible testimony, the IJ gave short shrift to the claim for withholding (which requires a stronger showing of likely persecution[1]) and under CAT. Estrada is right that under some circumstances, a threat of torture under CAT could be made out even though some element of proof required for asylum was not. Settenda, 377 F.3d at 94. But in this case, Estrada's claim to face any kind of threat upon returning to Colombia depended on the credibility of his underlying story.

We have looked at the other decisions claimed by Estrada to be helpful to him. These include Gailius v. INS, 147 F.3d 34, 39 (1st Cir. 1998), and Cometa v. INS, 34 Fed. App'x 316 (9th Cir. 2002) (which is, regardless of reading, not binding on this court). The cases are distinguishable; Gailius, for example, involved death-threat letters placed in the record. Further discussion would serve no purpose.

The petition for review is denied.

---

[1]The reason the stronger showing sometimes matters--since the lesser showing will always be present where the greater one occurs--is that the lesser one qualifies the asylum seeker for discretionary protection while the greater one entitles the applicant to protection. Waweru, 437 F.3d at 205.