**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 18, 2006
Decided June 1, 2006

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2984

| | |
|---|---|
| MAHOOB M. ALI,<br>    *Petitioner*, | Petition for Review of an Order of<br>the Board of Immigration Appeals |
| *v.* | No. A76-773-979 |
| ALBERTO R. GONZALES,<br>    *Respondent*. | |

**O R D E R**

Mahoob Ali petitions for review of the Board of Immigration Appeals' order affirming an Immigration Judge's ("IJ") denial of a motion to continue his removal proceedings. Ali asked for more time to await the United States Department of Labor's decision on his foreign labor certification application that had been pending two and a half years. Because the Board's denial was insufficiently reasoned, we must grant the petition for review.

Ali, a native and citizen of Pakistan and the father of two U.S. citizen children, entered the United States in 1995 on a non-immigrant visa and overstayed its expiration in 1996. In 2001, wishing to employ Ali as a baker, Dunkin' Donuts applied for a foreign labor certification with the Illinois Department of Labor. While that application was pending, Ali appeared for "special registration"—a post-911 program requiring noncitizens from specified countries to register with the National Security Entry-Exit Registration System, *see* Registration and Monitoring of Certain Nonimmigrants, 67 Fed. Reg. 52584 (Aug. 12, 2002); 8 C.F.R. § 264.1(f)—and thus came to the attention of the Department of Homeland Security ("DHS"). The DHS issued a Notice to Appear charging Ali with being removable. Appearing before an IJ, Ali conceded removability, but requested a continuance to await the Department of Labor's decision on his labor certification application. If approved, it would enable him to petition for an employment-based visa, which would in turn allow him to apply to adjust his status to that of a lawful permanent resident. *See* 8 U.S.C. § 1255(i)(B)(ii); *Subhan v. Ashcroft*, 383 F.3d 591, 593 (7th Cir. 2004). The IJ granted two continuances spanning more than a year to await a decision on Ali's application.

The IJ denied a third continuance, however, and granted Ali voluntary departure, reasoning he still had not petitioned for an employment-based visa and that he had stayed here illegally since 1996. Ali's application was still pending when the Board affirmed, adopting the IJ's decision, and adding that "any

continuance would have been open-ended given the speculative nature of the relief sought."[1]

In his petition for review, Ali argues that the Board's decision affirming the denial of his request for a third continuance was unreasoned. Because neither the IJ nor the Board supported the denial with a reason consistent with the adjustment-of-status statute, 8 U.S.C. § 1255(i), Ali contends, we cannot uphold the order of removal.

At the outset, the government argues that the IJ's denial of a continuance is a discretionary ruling, and that 8 U.S.C. § 1252(a)(2)(B)(ii) therefore strips us of jurisdiction to review it. This overstates matters. As the government recognizes, we retain jurisdiction to determine whether the denial was supported by a reason consistent with § 1255(i). *Subhan*, 383 F.3d at 595. We must therefore decide the merits of Ali's argument in order to ascertain our jurisdiction, and will dismiss his claim only if the denial was properly reasoned. *Sokolov v. Gonzales*, 442 F.3d 556, 569-70 (7th Cir. 2006).

---

[1]At oral argument, Ali's counsel informed us that, while this appeal was pending, the Department of Labor approved Ali's labor certification and he filed with the DHS an employment-based visa petition, which is now pending. We asked the parties to address the impact of that development on the outcome of this appeal. Ali has responded that, under the agency's rules, if he were now before the Board, he would be eligible to apply to adjust his status. The government has replied, but does not address that argument, instead contending for the first time that Ali is ineligible to adjust status because he did not voluntarily depart by August 13, 2005, as required by the Board's order. *See* 8 U.S.C. 1229c(d). That issue has been in this case since before Ali filed his petition for review, and so we decline to take it up now. The government is free to raise the issue on remand.

When the Board adopts the IJ's decision, but supplements his reasoning, the IJ's decision as supplemented by the Board's becomes the basis for our review. *Niam v. Ashcroft*, 354 F.3d 652, 656 (7th Cir. 2004). Where an alien requests a continuance of his removal proceedings in order to await a decision on his pending labor certification application, a denial of the motion must be supported by a reason consistent with the adjustment-of-status statute. *Subhan*, 383 F.3d at 595. In particular, the denial must be consistent with the statute's policy of allowing "eligible aliens," which include those who have overstayed their tourist visas, *see* 8 U.S.C. § 1255(c)(8), "to adjust status without having to leave the United States, to relieve the burden on the United States citizen with whom the aliens had the requisite family or other relationship, on the United States consulates abroad, and on the alien." *Benslimane v. Gonzales*, 430 F.3d 828, 832-33 (7th Cir. 2005) (quoting *Succar v. Ashcroft*, 394 F.3d 8, 22 (1st Cir. 2005)). Merely stating the "obvious"—for example, that the Department of Labor has not yet acted on a pending application—is not a reason at all. *Subhan*, 383 F.3d at 595. However, valid reasons can include that the alien engaged in criminal activity, *Sokolov*, 442 F.3d at 569-70, or that his adjustment-of-status application is hopeless on the merits, *Pede v. Gonzales*, 442 F.3d 570, 571 (7th Cir. 2006).

The government argues that *Subhan* was wrongly decided, and points to the subsequent decisions of three circuits, holding that the pendency of a labor certification is reason enough to deny a motion to continue removal proceedings. *See Khan v. Attorney General of the United States*, 2006 WL 1377054 at *8 (3d Cir.

May 22, 2006); *Ahmed v. Gonzales,* 2006 WL 1064196 at *4-5 (5th Cir. Apr. 24, 2006); *Zafar v. United States Attorney General*, 426 F.3d 1330, 1335-36 (11th Cir. 2005). We decline the invitation to overrule *Subhan.*

The government contends that, in affirming the denial, the Board supplemented the IJ's decision with an additional reason that is consistent with the statute: that "any continuance would have been open-ended given the speculative nature of the relief sought." We do no see how the Board's statement here differs from the one we rejected in *Subhan*: that although the alien "may be able to eventually acquire lawful permanent resident status by virtue of employment," since he had not yet done so, he was "not eligible for this form of relief at this time." *Subhan*, 383 F.3d at 594. We said that was "not a *reason . . .* but merely a statement of the obvious." *Id.* Neither statement articulates a discrete rationale; both merely recite what's true in every such case—that a pending application is no guarantee of certification. The government suggests that the Board's statement here is "fundamentally no different" than a hypothetical reason approved in *Subhan*—that "an illegal alien should not be allowed to delay his removal proceedings beyond a year." In contrast to the reasons given by the Board here and in *Subhan*, however, the hypothetical reason approved in *Subhan* does not apply in every case. And, although Ali did delay his removal more than a year, we will not as the government suggests assume that was the reason the Board denied a continuance. *See SEC v. Chenery Corp.*, 332 U.S. 194 (1943).

The government does not attempt to defend either of the IJ's reasons for denying a continuance. Indeed, both are inconsistent with the adjustment-of-status statute. That Ali "has never filed with the Department of Homeland Security" the application to adjust his status adds nothing when he had not yet received the certification from the department of labor department that he needs to apply for the adjustment. It is not a reason but "a statement of the obvious." *See Subhan*, 383 F.3d at 593. And Ali's "illegal status" is irrelevant because the statute by its terms specifically applies to aliens like Ali who overstay their visas. *See* 8 U.S.C. § 1255(i), (c)(8).

Because neither the Board nor the IJ gave a reason consistent with the statute for denying a continuance, we GRANT the petition for review, VACATE the Board's decision, and REMAND the case for further proceedings consistent with this order.