NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued June 13, 2007
Decided October 17, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3255

| | |
|---|---|
| ALEJANDRO OLALDE MEJIA,[1] *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals |
| *v.* | No. A76-974-606 |
| PETER D. KEISLER, Acting Attorney General of the United States, *Respondent*. | |

## O R D E R

Alejandro Olalde Mejia,[1] a Mexican citizen, moved to continue his removal proceedings so that he could pursue his request to adjust his status to lawful permanent resident.  The IJ denied the continuance after finding that Olalde would be ineligible to adjust his status, and ordered him removed.  The BIA affirmed,

---

[1]The proper formulation of the petitioner's last name is unclear; his last name is alternatively listed as "Olalde-Mejia," "Olalde Mejia" or merely  "Olalde."  Because the petitioner signs his last name as "Olalde," and used that last name on his marriage license, we refer to him as "Olalde."

leading to this petition for review. We dismiss Olalde's petition because Olalde challenges only a discretionary ruling entered during a removal proceeding, and under the circumstances of this case we lack jurisdiction to review that ruling.

This case represents the fourth time that Olalde has confronted immigration authorities. He first illegally entered the United States in 1991 but voluntarily departed in 1992. In 1995 Olalde reentered the United States, again without permission, and filed a false claim for asylum. In that application, he misrepresented that he was Guatemalan and provided a fake Guatemalan birth certificate. But he did not pursue the application any further. Instead, he was apprehended for unlawful presence in Florida three years later, and after he failed to appear at his removal hearing in February 1999, an immigration court ordered him deported in absentia. Olalde left the country in December 1999; at least, that is what he told immigration authorities when they again found him back in the United States in July 2004 and began the present removal proceedings.

At his hearing, Olalde conceded removability, but his counsel asked the IJ to continue Olalde's removal proceedings to await the result of his pending adjustment-of-status application. Olalde claimed that his wife (whom he married two days before the hearing) was in the process of adjusting her status to legal permanent resident (based on her mother's lawful permanent residence).

Faced with Olalde's request to continue the hearings, the IJ asked Olalde questions relating to his eligibility to adjust status. Olalde admitted to falsely claiming to be Guatemalan in his asylum application. But he refused (on the advice of his attorney) to say whether he had left the United States after the deportation order of February 1999. Recognizing that an alien who departs the country after the entry of a deportation order is ineligible to seek a visa, and finding nothing incriminatory about whether Olalde had departed in late 1999, the IJ noted that he could "draw a negative inference from [Olalde]'s refusal" to answer. The IJ also doubted Olalde's eligibility for an adjustment of status because he had given false asylum documents to immigration authorities. Nevertheless, the IJ scheduled another hearing in four weeks, advising Olalde that he was going to "try and make the decision" in the case then.

Before the hearing resumed, Olalde filed a Memorandum of Law (and exhibits) in Support of Adjustment of Status, arguing that he was eligible for an adjustment of status "as a derivative, on his wife's approved I-130 petition [establishing the wife's relationship to her mother]." He argued further that the deportation order issued in February 1999 should not bar him from adjusting his status because it was entered without notice to him, and because the government abandoned it by instituting new removal proceedings in 2004.

At the second hearing, Olalde again sought a continuance to pursue his plans to seek an adjustment of status. The government opposed the continuance, noting that Olalde had not even placed an actual application to adjust his status, an I-485, in the record. The IJ observed that he also had not produced an I-130 petition filed on his behalf by his wife, documenting his wife's relationship to him. The IJ denied the motion to continue, reasoning that: (1) Olalde was ineligible to adjust his status because he had presented false documents (his asylum application) to immigration authorities; (2) Olalde was ineligible to adjust his status because had left the country in December 1999 while an order of removal was outstanding; and (3) apart from his request to pursue adjustment of status, Olalde did not merit a favorable exercise of discretion for a continuance, again because he had shown "complete disregard for the Immigration laws of the United States."

The Board of Immigration Appeals "adopted and affirmed" the IJ's opinion. The BIA ruled that the IJ "gave cogent reasons" for refusing to use his discretion to continue the proceedings to allow Olalde to pursue an application to adjust his status. Specifically, the BIA noted that Olalde would not be able to adjust his status without waivers from the Attorney General of the two grounds of ineligibility that the IJ identified (false documents and self removal), and Olalde had not even requested those waivers.

On appeal, Olalde argues that the IJ erred in denying his motion to continue because, Olalde claims, he was eligible for an adjustment of status notwithstanding the removal order of February 1999, and should therefore have been able to pursue an adjustment of status to prevent his removal. As an initial matter, the government contends that Olalde is appealing not from the denial of a motion to continue but from the BIA's discretionary denial of an adjustment-of-status request, a ruling that this court would be powerless to review absent constitutional violations. 8 U.S.C. § 1255(i); *see Sokolov v. Gonzales*, 442 F.3d 566, 569-70 (7th Cir. 2006). But, as in *Ali v. Gonzales*, Nos. 06-3240, 06-3879, 2007 WL 2684825, at *5 (Sept. 14, 2007), Olalde 's case never got far enough for a ruling on his adjustment-of-status application. We are thus here asked only to review the denial of Olalde's motion to continue.

Our review of the denial of Olalde's motion to continue faces a dual jurisdictional hurdle, however. The denial "was a procedural step along the way to an unreviewable final decision"—a request to adjust status—and we generally lack jurisdiction to review such interim rulings. *Ali*, 2007 WL 2684825, at *1-2, 6; *Leguizamo-Medina v. Gonzales*, 493 F.3d 772, 775 (7th Cir. 2007); 8 U.S.C. § 1252(a)(2)(B)(i). Not only that, but our review is precluded by the jurisdictional bar in 8 U.S.C. § 1252(a)(2)(B)(ii). That statute generally strips us of jurisdiction to review discretionary rulings like continuances entered during removal proceedings. *Ali*, 2007 WL 2684825, at *1.

Together these jurisdictional bars prevent us from reviewing the denial of Olalde's motion to continue unless this case falls within the exception set forth in *Subhan v. Ashcroft*, 383 F.3d 591, 593-94 (7th Cir. 2004). *Ali*, 2007 WL 2684825 at *3, *6. Under *Subhan*, only if the IJ denies the alien's motion to continue for an arbitrary reason or for a reason inconsistent with the adjustment-of-status statute, 8 U.S.C. § 1255, such as the government's failure to timely process an alien's request within a government agency, do we have jurisdiction to review that denial. *Id*. at *3. A denial of a motion to continue does not fall within *Subhan*'s exception where the IJ denies the motion because alien's past conduct disqualifies the alien for adjustment and thereby renders the alien's application to adust status "hopeless." *Ali*, 2007 WL 2684825, at *6; *Pede v. Gonzales*, 442 F.3d 570, 571 (7th Cir. 2006). An IJ's denial of a continuance because of its ultimate hopelessness is consistent with § 1255, *Ali*, 2007 WL 2684825, at *6; *Pede,* 442 F.3d at 571, and we lack jurisdiction to review such a denial. *Ali*, 2007 WL 2684825, at *6.

In particular an application to adjust status may be hopeless when the alien is inadmissible and thus ineligible to pursue a visa. 8 U.S.C. § 1182(a); *see Pede*, 442 F.3d at 571 (noting that immigration judge properly denied continuance where, for adjustment of status to be granted, government would have to "overlook" her fraud conviction). Two aspects of the inadmissibility provision of § 1182(a) are pertinent to this case. First, an alien is inadmissible for ten years if he leaves the country while a removal order is pending, *see* 8 U.S.C. § 1182(a)(9)(A)(ii)(II), unless the attorney General consents to his earlier admission, *see id*. § 1182(a)(9)(A)(iii). Similarly, he is inadmissible generally if he willfully misrepresents a material fact to seek an immigration benefit, *see id*. § 1182(a)(6)(C)(i), unless the Attorney General has waived the misconduct, *see id*. § 1182(i). *See also Singh v. Gonzales*, 413 F.3d 156, 160 (1st Cir. 2005) (upholding IJ's denial of alien's application for adjustment of status because IJ properly found that alien was inadmissible due to prior false testimony).

Here the IJ denied Olalde's motion to continue only after finding that he was ineligible for an adjustment of status (i.e., the application would have been hopeless) under both § 1182(a)(9)(A)(ii)(II) and § 1182(a)(6)(C)(i): Olalde had left the country while a removal order was pending and returned within ten years without the Attorney General's consent; and he had presented false documents to immigration authorities during an earlier application for asylum. Olalde, who has not even challenged the second of those reasons, does not argue that either reason for deeming his application hopeless—and therefore denying him a continuance—was inconsistent with § 1255. And, indeed, both reasons are consistent with § 1255, as they are statutorily-based reasons that Olalde was inadmissible and thus ineligible to adjust his status. *See Subhan*, 383 F.3d at 593-94; *Singh*, 413 F.3d at 160. Thus, because the IJ denied Olalde's motion to continue for reasons consistent with § 1255, we lack jurisdiction to review the denial. *Ali,*

2007 WL 2684825, at *6 (holding that this court lacks jurisdiction to review denial of motion to continue to pursue adjustment of status if application to adjust status is futile); *Pede*, 442 F.3d at 571 (upholding denial of motion to continue removal because pending application to adjust status was futile).

Accordingly, Olalde's petition is DISMISSED for lack of jurisdiction.