# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 08-2206

UMAR WAQAS AFZAL,

*Petitioner*,

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent*.

Petition for Review of an
Order of the Board of Immigration Appeals.
No. A76-773-857

ARGUED SEPTEMBER 24, 2008—DECIDED MARCH 20, 2009

Before POSNER, WOOD, and TINDER, *Circuit Judges.*

TINDER, *Circuit Judge.* Petitioner Umar Afzal was ordered removed from the United States on September 25, 2007. At the removal hearing, the Immigration Judge denied a continuance that Afzal requested to seek reinstatement of his revoked visa. He now seeks review of the IJ's decision to deny the continuance. Because we lack jurisdiction, the petition is dismissed.

Umar Afzal, a native and citizen of Pakistan, arrived in America in April 1999 as a nonimmigrant visitor and ultimately adjusted his status to that of a nonimmigrant student. Afzal, however, ceased his studies in December 2002 and was placed in removal proceedings the following February for failing to maintain his nonimmigrant status. *See* 8 U.S.C. § 1227(a)(1)(C)(i).

Just before the institution of removal proceedings, Afzal married Kathleen Hundley, a United States citizen. In March 2003, Afzal sought a continuance of his first removal hearing based on a pending I-130 petition for an immediate-relative visa filed on his behalf by his wife. *See* 8 U.S.C. § 1151(b)(2)(A)(i); 8 C.F.R. § 204.1(a)(1). If approved, this petition would have allowed Afzal to legally remain in the country and become eligible to file an I-485 application to adjust his status to that of a permanent resident. *See* 8 U.S.C. § 1255(a); 8 C.F.R. § 245.2. The continuance was granted.

Afzal reappeared before an IJ two months later. His I-130 petition still had not been adjudicated by Immigration and Naturalization Services (the former agency responsible for such determinations) and he accordingly sought another continuance, which the IJ granted. At this hearing, Afzal conceded that he was removable absent the approval of his I-130 petition.

In September 2003, Afzal appeared again in front of the IJ and again he informed the IJ that Citizenship and Immigration Services (USCIS, successor to the INS) had not adjudicated his petition. However, he reported that the investigation of his I-130 petition had been com-

pleted and, anticipating its approval, Afzal submitted his I-485 application to adjust status. He also sought another continuance to await the outcome of the I-130 petition. This continuance was also granted.

The I-130 petition was approved on March 4, 2004, and Afzal informed the Immigration Court of the approval when he appeared at his next removal hearing on March 30, 2004. At the March 30 hearing, the government recognized that Afzal was eligible for an adjustment of status and the IJ set a hearing on the merits of the I-485 application (which he had submitted at the last hearing) for March 14, 2006, two years later.

The March 2006 hearing on Afzal's adjustment of status was rescheduled for September 25, 2007. At that hearing, Afzal informed the IJ that his wife had died on September 21, 2004, six months after his I-130 visa was approved and three years before the hearing on his I-485 application for permanent residency. His wife's death automatically revoked his I-130 visa, *see* 8 C.F.R. § 205.1(a)(3)(i)(C), meaning that Afzal had been present in the country for three years without a valid visa at the time of the September 2007 hearing. Furthermore, because Afzal was no longer in the country legally, he had no foundation from which to pursue his I-485 application for adjustment of status. *See* 8 U.S.C. § 1255(a). When Afzal reappeared in front of the IJ in September of 2007, he was in the same position as when the removal proceedings were first instituted—subject to removal because he was in the country illegally. But this time Afzal was without the benefit of a pending petition for an immediate relative visa.

Afzal's only hope at this point was for the reinstatement of his I-130 visa. An alien's I-130 visa may be reinstated after the death of his sponsor if USCIS "determines, as a matter of discretion exercised for humanitarian reasons in light of the facts of a particular case, that it is inappropriate to revoke the approval of the petition." 8 C.F.R. § 205.1(a)(3)(i)(C)(2). If USCIS acted on his behalf, Afzal would have been able to proceed with his adjustment of status, and he therefore sought a continuance to pursue the reinstatement of his visa. This time, the IJ denied his request for a continuance and ordered Afzal removed to Pakistan. The Bureau of Immigration Appeals affirmed. Afzal petitions this court for review.

Our review of decisions made by United States immigration officials is limited. *See* 8 U.S.C. § 1252(a). Decisions made at the Attorney General's discretion pursuant to the Immigration and Nationality Act are not subject to our review. *Id.* § 1252(a)(2)(B). An immigration judge's decision whether or not to continue removal proceedings is such an exercise of discretion and we therefore ordinarily lack jurisdiction to review it. *Ali v. Gonzales*, 502 F.3d 659, 663-64 (7th Cir. 2007), *cert. denied sub nom. Ali v. Mukasey*, 128 S.Ct. 1870 (2008).

However, we retain jurisdiction to review the denial of a continuance when such a denial would nullify a petitioner's statutory opportunity to adjust his status. The paradigmatic case for review is *Subhan v. Ashcroft*, 383 F.3d 591 (7th Cir. 2004), in which an alien sought a continuance to complete the process of procuring certain labor certificates that would have allowed him to adjust

his status to become a permanent resident. The IJ refused to grant him a continuance and did so without offering an explanation consistent with the statute. This refusal denied the alien the benefit of federal law without reason and was therefore an arbitrary decision, not an exercise of discretion. *See Kucana v. Mukasey*, 533 F.3d 534, 538-39 (7th Cir. 2008). Such a decision had the effect of nullifying a federal statute and was thus reviewable. *Subhan*, 383 F.3d at 595. The question in this case is whether Afzal suffered a similar arbitrary deprivation. We find that he did not.

After the untimely death of his wife, Afzal's status in this country was dependent on the reinstatement of his I-130 petition, a decision left to the discretion of USCIS. 8 C.F.R. § 205.1(a)(3)(i)(c)(2). From the time of his wife's death until his removal was ordered, Afzal had three years to seek this reinstatement. There is no evidence that he had taken any of the necessary steps toward reinstating his visa, nor even that USCIS was likely to reinstate it if he had. In other words, Afzal, unlike the petitioner in *Subhan*, could not point to any prospect of success regarding the reinstatement of his visa. Because Afzal's reinstatement was dependent solely on the discretion of USCIS, and there is no evidence that USCIS was inclined to exercise its discretion in his favor, the IJ had no basis to believe that Afzal would ever have a visa that would allow him to adjust his status. Afzal could point to no likelihood of relief, and the IJ was entitled to rely on this when denying the continuance. In such a circumstance, the IJ's denial of a motion for continuance is unclouded by any hint of arbitrariness, and

we therefore lack jurisdiction to review it. 8 U.S.C. § 1252(a)(2)(B)(ii); *Ali*, 502 F.3d at 663-64.

The petition for review is, therefore,

DISMISSED.