NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Argued July 7, 2010
Decided July 12, 2010

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-1220

| | |
|---|---|
| MALGORZATA MYSLIWIEC, *Petitioner,* | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A088-480-459 |
| ERIC H. HOLDER, JR., Attorney General of the United States, *Respondent.* | |

**O R D E R**

Malgorzata Mysliwiec asked the immigration judge to continue her removal proceeding so that she could pursue a labor certification. The IJ denied the request, reasoning that even if she received the certification, she would still be statutorily ineligible to adjust her status and stay in the country. Mysliwiec argues that the IJ erred in denying the continuance. We deny the petition for review.

Mysliwiec is a citizen of Poland who was admitted to the United States in 2002 as a nonimmigrant authorized to stay for a temporary period. Her later application to extend or change her nonimmigrant status was denied, and the Department of Homeland Security issued her a notice to appear for removal proceedings, charging that she was present in violation of the law under 8 U.S.C. § 1227(a)(1)(B). At Mysliwiec's initial hearing, her attorney stated that she was not yet prepared to plead to the allegations of removability. The IJ granted her a continuance for a month so that she could discuss matters further with counsel.

At the second hearing, counsel conceded removability, but asked for another continuance. Counsel explained that Mysliwiec was in the midst of seeking a labor certification based on her job as a nanny. Obtaining a labor certification is one step in the process of seeking an adjustment of status. *See* 8 U.S.C. § 1153(b)(3)(C). But the IJ expressed doubt that she would be statutorily eligible to adjust her status, since an alien whose status is unlawful at the time she seeks an adjustment is usually ineligible. *See* 8 U.S.C. § 1255(c)(2). He asked if she qualified for relief under 8 U.S.C. § 1255(i), which provides an exception for an alien who, among other things, was present in the country in 2000. Counsel conceded that she was not eligible for that exception. The IJ denied the continuance but granted Mysliwiec voluntary departure. The IJ reiterated that aliens who violate the terms of their non-immigrant status are not eligible to adjust their status based on a labor certification. *See id.* § 1255(c)(2). He added that no visa numbers were available anyway for a labor certification filed that year, in reference to the condition in § 1255(a)(3) that a visa be "immediately available" when the application is filed. Finally, he noted that there was no indication that Congress would amend the law anytime soon to allow Mysliwiec to adjust her status.

Mysliwiec appealed. The Board of Immigration Appeals dismissed her case, agreeing with the IJ that she was not statutorily eligible to adjust her status and that a visa would not be immediately available. The Board also noted that Mysliwiec had not explained why either of the IJ's determinations was erroneous. Mysliwiec petitioned for review, and she has advised us that her application for a labor certification has since been granted.

Mysliwiec first challenges the appropriateness of the Board's main reason for upholding the denial of the continuance—her statutory ineligibility to adjust her status. She seems to suggest that her request for a continuance should not have depended on the merits of her adjustment application. One appropriate reason to deny a continuance, though, is "the ultimate hopelessness of [the petitioner's] adjustment application." *Pede v. Gonzales*, 442 F.3d 570, 571 (7th Cir. 2006); *see also Malik v. Mukasey*, 546 F.3d 890, 892-93 (7th

Cir. 2008).  Here, the Board's reason was appropriate: Mysliwiec's adjustment application would be hopeless because even if she received a labor certification, her unlawful presence in the United States disqualified her from adjusting her status.  And, as Mysliwiec concedes in her reply brief, the Board's reason was correct: an alien whose status is unlawful, as Mysliwiec's is, is ineligible to adjust her status unless she qualifies for an exception, which Mysliwiec does not.  *See* 8 U.S.C. § 1255(c)(2); *id.* § 1255(i); *id.* § 1255(k); *Hadayat v. Gonzales*, 458 F.3d 659, 662 (2006).

To get around this statutory ineligibility, Mysliwiec suggests that the delay in the labor certification process may have allowed for intervening changes in the law (e.g., amnesty) that would qualify her to adjust her status and stay in the country.  She does not say why she thought this likely, except that the availability of relief under 8 U.S.C. § 1255(i) (for which she conceded she was not eligible) had been extended multiple times.  But as the government points out, Mysliwiec failed to raise this argument before the Board, so it is waived.  *See Ghani v. Holder*, 557 F.3d 836, 839 (7th Cir. 2009).  In any event, the law has not changed in any way that would help her.

Mysliwiec also asserts a somewhat vague due process challenge based on the denial of the continuance, contending that she was denied an opportunity to fully present her case because the IJ did not give her time to pursue the labor certification.  But to prevail on a due process claim an alien must show prejudice, *see Ramos v. Gonzales*, 414 F.3d 800, 804 (7th Cir. 2005).  This Mysliwiec cannot do: since her adjustment application could not succeed, she was not prejudiced by the denial of the opportunity to pursue it further.

Finally, Mysliwiec challenges the Board's additional conclusion that a visa would not be immediately available to her.  But as the government correctly responds, we need not reach the issue because the Board's first reason for upholding the denial of the continuance was sufficient.

Accordingly, we DENY the petition for review.