NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 10, 2013
Decided October 8, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-1483

| | |
|---|---|
| AXEL BERTIN ANTONIO,<br>    *Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals. |
| *v.* | No. A086 936 990 |
| ERIC H. HOLDER, JR.,<br>Attorney General of the United States,<br>    *Respondent*. | |

**O R D E R**

Petitioner Axel Antonio, a citizen of Gabon whose visitor's visa for the United States expired long ago, twice sought a continuance to forestall removal proceedings. An immigration judge granted the first request but denied the second and then ordered Antonio removed. The Board of Immigration Appeals upheld the order of removal. Antonio now petitions for review, which we deny.

Antonio entered the United States as a tourist in 2006 and never departed. In 2008 he married Shalonda Coley, a U.S. citizen, and three months later she applied on his behalf for an I-130 "alien relative" visa. See 8 U.S.C. §§ 1151(b)(2)(A)(i), 1255(i); 8 C.F.R. § 245.2.

Citizenship and Immigration Services denied that I-130 petition after a service officer interviewed the couple and found that their marriage was a sham. Antonio was placed in removal proceedings, see 8 U.S.C. § 1227(a)(1)(B), which did not deter Coley from filing a second I-130 petition. Once again Citizenship and Immigration Services concluded that Coley had not established the *bona fides* of her marriage to Antonio. The agency reasoned that the pair had never lived together, did not share finances, and most likely had fabricated supporting documents that Coley submitted with her petition. The agency thus issued a Notice of Intent to Deny the I-130 petition and gave Coley one month to challenge that preliminary decision.

Meanwhile, with Coley's deadline approaching, Antonio appeared with counsel in the removal proceedings. Antonio conceded that he is removable to Gabon but he requested a continuance to allow Coley time to oppose the agency's contemplated denial of her I-130 petition. The government objected. The IJ agreed to postpone the proceedings for two months, but only after Antonio's lawyer had promised not to seek another continuance if Coley's pending I-130 petition had not been decided by that time.

When the continuance expired, Coley's petition was still pending. By then Antonio had changed lawyers. New counsel (who also represents Antonio in this court) told the IJ that he would honor former counsel's promise not to delay the proceedings further, but moments later the lawyer reneged and asked for a second, indefinite continuance.

This time the IJ denied Antonio's request and ordered him removed from the United States. The IJ noted that Coley's second I-130 petition was unlikely to succeed given the denial of her previous petition and the agency's stated intention to deny her second. Thus, the IJ reasoned, Antonio had not established good cause for a continuance under the criteria of *In re Hashmi*, 24 I&N Dec. 785, 790 (BIA 2009).[1] The Board of Immigration Appeals endorsed that reasoning and rejected Antonio's administrative appeal, which challenged only the denial of a second continuance.

In his petition for review, Antonio asserts that the refusal to grant a second, indefinite continuance was an abuse of discretion. We review the IJ's decision since the Board adopted his reasoning. See *Calma v. Holder*, 663 F.3d 868, 876–78 (7th Cir. 2011);

---

[1] For the first time at oral argument, Antonio's lawyer suggested that the IJ was "willing to continue the case," since that language is found in a line from the transcribed version of the IJ's oral statement of reasons. But counsel was present at the removal hearing, and it is clear in context that the IJ meant (and presumably said) *un*willing.

*Gutierrez-Berdin v. Holder*, 618 F.3d 647, 651 (7th Cir. 2010). According to Antonio, the IJ gave undue weight to the denial of Coley's prior I-130 petition. His wife's second I-130, says Antonio, establishes his potential eligibility for adjustment of status despite the earlier rejection. At oral argument, however, Antonio's lawyer told us that Coley's second I-130 petition was denied while Antonio's petition for review has been pending. (Counsel did not say if Coley has appealed that decision to the Board. See 8 C.F.R. § 1003.3(a)(2); *Qureshi v. Gonzales*, 442 F.3d 985, 989 (7th Cir. 2006).)

Antonio cites the favorable ruling on his first motion for a continuance as a reason why the IJ should have granted the second request. He also says he should not be blamed for the fact that his wife's I-130 petition was still pending when his first continuance expired. But just because an IJ deemed it prudent to grant one continuance does not mean that later requests must also be granted. See *Calma*, 663 F.3d at 871, 879; *Pede v. Gonzales*, 442 F.3d 570, 571 (7th Cir. 2006). Moreover, the IJ did not deny the request only because of the potential for further delay. Instead the IJ appropriately reasoned that further delay would be pointless because no visa—and thus no adjustment of status—was likely to be forthcoming. See *Calma*, 663 F.3d at 878–79; *Afzal v. Holder*, 559 F.3d 677, 679 (7th Cir. 2009).

The existence of a pending visa petition says nothing of its likelihood of success, and here the IJ reasonably—and we now know correctly—concluded that the second petition was no more promising than the first. Given the prior denial and the agency's notice of intent to deny the second, the IJ did not abuse his discretion in denying Antonio's second request for a continuance based on the poor prospects for success. See *Calma*, 663 F.3d at 879 (concluding that IJ did not abuse discretion by taking into account "speculative nature of [petitioner's] hopes for later adjustment" based on pending I-130 visa petition); *Pede*, 442 F.3d at 571 (explaining that denial of continuance was not abuse of discretion given "ultimate hopelessness" of application for adjustment of status); *Ukpabi v. Mukasey*, 525 F.3d 403, 408 (6th Cir. 2008) (explaining that Notice of Intent to Deny wife's I-130 petition "provided evidence to the IJ of the doubtful validity" of petitioner's marriage); *Morgan v. Gonzales*, 445 F.3d 549, 552 (2d Cir. 2006) (concluding that petitioner "had no right to the adjudication of a second I-130 petition stemming from a marriage that had already been determined to lack *bona fides*"); see also *Hashmi*, 24 I&N Dec. at 792 (noting that previously rejected I-130 petitions are relevant in evaluating request for a continuance); *In re Garcia*, 16 I&N Dec. 653, 657 (BIA 1978) (explaining that it is not abuse of discretion to deny request for continuance after "determin[ing] that the visa petition is frivolous or that the adjustment of status would be denied").

PETITION DENIED.