# United States Court of Appeals
## For the First Circuit

No. 04-2000

ARAMJIT SINGH,

Petitioner,

v.

ALBERTO GONZALES,[*]
Attorney General of the United States,

Respondent.

On Petition for Review from a Final Order of the
Board of Immigration Appeals

Before

Torruella, Selya, and Lynch, <u>Circuit Judges</u>.

<u>Christopher W. Drinan</u> and <u>Law Office of John K. Dvorak, P.C.</u> on brief for petitioner.

<u>James E. Grimes</u>, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, <u>Peter D. Keisler</u>, Assistant Attorney General, and <u>Mary Jane Candaux</u>, Senior Litigation Counsel, on brief for respondent.

June 27, 2005

---

[*]Alberto Gonzales was sworn in as Attorney General of the United States on February 3, 2005.  We have substituted him for John Ashcroft, previous holder of that office, as the respondent. <u>See</u> Fed. R. App. P. 43(c)(2).

**LYNCH**, **Circuit Judge**.  Petitioner Aramjit Singh, a native and citizen of India, seeks review of the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) and the denial of his application for adjustment of status under 8 U.S.C. § 1255(i).  The Immigration Judge (IJ) found that he was statutorily ineligible for adjustment of status because he was inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(C)(i) for having made misrepresentations of material fact.  These denials were summarily affirmed by the Board of Immigration Appeals (BIA).  We affirm and deny the petition for review.

## I.

Singh entered the United States without being admitted or paroled on October 21, 1997.  On January 20, 1998, he filed an application for asylum, withholding of removal, and relief under the CAT.  In his application, he claimed persecution on account of his Sikh religion and his involvement with the Akali Dal Mann Party, a Sikh political organization.

On March 12, 1998, the Immigration and Naturalization Service[1] (INS) issued a Notice to Appear to Singh alleging that he

---

[1]On March 1, 2003, the INS ceased to exist and its principal functions were transferred to the Bureau of Immigration and Customs Enforcement in the Department of Homeland Security.  See Homeland Security Act of 2002, Pub. L. No. 107-296, § 471, 116 Stat. 2205 (codified as amended at 6 U.S.C. § 291(a)).  We refer to the agency as the INS throughout this opinion.

was removable from the United States under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who had entered the United States without being admitted or paroled.

Immigration hearings were held in San Francisco, California on April 6, 1998, October 15, 1999, and May 2, 2000. Singh conceded removability, but sought asylum, withholding of removal, and protection under the CAT. During the October 15 hearing, Singh provided testimony and documentary evidence to corroborate his claims. Specifically, he alleged two instances in which he was arrested and beaten by the Indian police because of his involvement with the Akali Dal Mann Party. He also alleged that Indian authorities continued to seek him after he left and that he would be harmed or killed if he returned.

The IJ determined that Singh's testimony was not credible. She then considered the documentary evidence presented to "determine whether they raise the level of evidence such that the respondent's burden [of proving eligibility for asylum] will be met." After reviewing the documents, the IJ concluded that Singh had not met his burden, and on May 2, 2000, denied his application for all forms of relief and ordered Singh removed to India.

On May 16, 2000, Singh timely appealed to the BIA. During the pendency of his case, Singh had moved to Massachusetts and received an approved I-140 form filed on his behalf by the owner of a restaurant at which Singh was allegedly a cook. On May

8, 2002, Singh filed a motion with the BIA seeking remand of his case to the IJ so that he could file an application for adjustment of status under 8 U.S.C. § 1255(i).  Singh also moved for a change of venue from San Francisco to Boston.  The INS did not oppose either motion, and on July 29, 2002, the BIA granted both motions.

An immigration hearing was held in Boston on March 28, 2003, to consider Singh's application for adjustment of status. The Boston IJ found that Singh had provided false testimony and information both in connection with his application for asylum before the San Francisco IJ and adjustment of status before the Boston IJ; he was therefore inadmissible to the United States pursuant to 8 U.S.C. § 1182(a)(6)(C)(i).  Based on this finding of inadmissibility, the IJ denied Singh's application for adjustment of status.  See 8 U.S.C. § 1255(i) (requiring admissibility as a prerequisite for adjustment of status relief).  The Boston IJ also reinstated the San Francisco IJ's decision denying the application for asylum and allowed an appeal to be taken from that denial as well as the denial of the application for adjustment of status.

Singh appealed both denials to the BIA on April 4, 2003. On June 30, 2004, the BIA summarily affirmed both decisions without opinion, rendering the decisions of the IJs the final agency determinations for the purpose of appellate review.  8 C.F.R. § 1003.1(e)(4); see Albathani v. INS, 318 F.3d 365, 373 (1st Cir. 2003).

This petition comes to us after the passage of the REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 731, which alters, among other things, this court's standard of review of certain agency determinations and the burden of proof in asylum cases. The issues in this case do not call for application of the different standards under the Act. In particular, the provisions dealing with the burden of proof in asylum cases are not applicable to this case as Singh's petition was filed prior to the effective date of the amendments.

Petitioner argues that neither of the IJ's conclusions (denial of asylum and denial of adjustment of status due to inadmissibility) is supported by substantial evidence. He also makes a denial of due process claim as to the conduct of the IJ in both the San Francisco and Boston hearings which we dismiss as frivolous.[2]

---

[2]As to the San Francisco immigration proceedings, the petitioner argues that he was denied due process of law because the IJ's decision did not consider all of the relevant and probative evidence presented at the hearings and the IJ placed undue weight on his demeanor during the hearing. As to the Boston immigration proceedings, he argues that the IJ was not impartial and drew "only the most negative conclusions" about him and that the manner in which she stated her findings -- "in a vacuum without explaining why she discounts the documents that the petitioner submitted" -- violated due process.

Both of petitioner's challenges are completely undermined by the record. A review of the record makes clear that the conduct of the IJs did not violate the petitioner's due process rights; the petitioner received a full and fair hearing.

<u>Application for Asylum</u>

The burden of proof for establishing eligibility for asylum lies with the petitioner. <u>See</u> <u>Diab</u> v. <u>Ashcroft</u>, 397 F.3d 35, 39 (1st Cir. 2005); 8 C.F.R. § 1208.13(a). Applicants can meet this burden by proving past persecution or a well-founded fear of future persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C § 1101(a)(42)(A); 8 C.F.R. § 1208.13(b)(1). An applicant's testimony alone, "if credible, may be sufficient to sustain the burden of proof without corroboration," 8 C.F.R. § 1208.13(a), but if the applicant is found not to be entirely credible, corroborating evidence "may be used to bolster an applicant's credibility." <u>Diab</u>, 397 F.3d at 39.

The San Francisco IJ determined that Singh had not met his burden of proof based largely on her finding that his testimony was not credible and that the corroborating documentary evidence he offered to support his testimony conflicted with and tended to discredit his testimony further, rather than rehabilitate it. The petitioner disagrees and argues that the IJ's credibility finding was not supported by substantial evidence and that he has satisfied his burden of proof to qualify for asylum relief under 8 U.S.C. § 1158(b)(1).

We review factual findings and credibility determinations made by an IJ under the deferential substantial evidence standard.

-6-

INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); Akinwande v. Ashcroft, 380 F.3d 517, 522 (1st Cir. 2004). This means that the IJ's determination must stand "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see Rodriguez-Ramirez v. Ashcroft, 398 F.3d 120, 123 (1st Cir. 2005). As to issues of credibility, we will give great deference to an IJ's determinations so long as the IJ provides "specific reasons for those determinations." Awinkwande, 380 F.3d at 522; see Syed v. Ashcroft, 389 F.3d 248, 251 (1st Cir. 2004).

There is no basis in the record to challenge the IJ's finding. She articulated four specific reasons why Singh's testimony was not credible, each amply supported by the record. These reasons included the findings that Singh tended to return to a recitation of the story contained in his application for asylum, that he had trouble answering specific questions which did not come directly from facts contained in the application, that he corrected himself on several occasions, and that his testimony was internally inconsistent and implausible. She then independently examined the documents in the record. Those only reconfirmed the conclusion that little of what Singh said was credible. Indeed, the record virtually compels the conclusion that what Singh presented was far from the truth and the untruths were deliberate.[3]

_____

[3]The IJ also correctly determined that the petitioner's claims for withholding of removal and protection under the CAT failed. Because Singh has not satisfied the more lenient asylum standard,

Application for Adjustment of Status[4]

Under 8 U.S.C. § 1255(i), certain aliens who are physically present in the United States but have not been admitted or paroled are eligible to file an adjustment of status application with the Attorney General's office. Upon receipt of this application and the applicable fee, the Attorney General may adjust the alien's status to permanent resident alien if "(A) the alien is eligible to receive an immigrant visa and is <u>admissible</u> to the United States for permanent residence; and (B) an immigrant visa is immediately available to the alien at the time the application is filed." 8 U.S.C. § 1255(i)(2)(emphasis added).

---

he also has failed to satisfy the withholding of removal standard. <u>See</u> <u>Albathani</u>, 318 F.3d at 372. In addition, there is no credible allegation that it is more likely than not that he would be tortured if he returned to India; therefore, he cannot meet his burden for protection under the CAT. <u>See</u> 8 C.F.R. § 1208.16(c)(2).

The United States argues that we do not have jurisdiction to review these claims under 8 U.S.C. § 1252(d)(i) because they were not developed before the BIA and therefore have not been exhausted. We disagree. Singh raised these challenges before the BIA (albeit in a perfunctory manner) and the BIA issued a summary affirmance of the IJ's entire opinion, including her decision regarding the claims for withholding of removal and protection under the CAT.

[4]The United States correctly does not challenge our jurisdiction to review the denial of the application for adjustment of status under 8 U.S.C § 1252(a)(2)(B)(i). This provision limits judicial review of discretionary denials of adjustment of status applications. In this case, the IJ denied Singh's application based on a finding that he did not meet the statutory prerequisite of admissibility. This is not a discretionary denial; it is mandated by the statute. 8 U.S.C. § 1252 does not limit our review over these types of denials.

An alien, in turn, is not admissible if he "by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter." Id. § 1182(a)(6)(C); see Ymeri v. Ashcroft, 387 F.3d 12, 18 (1st Cir. 2004). 8 U.S.C. § 1182(i)(1) gives the Attorney General discretion to waive this ground of inadmissibility in certain situations. The IJ correctly determined that Singh did not qualify for this waiver. See Afful v. Ashcroft, 380 F.3d 1, 8 (1st Cir. 2004).

The IJ's legal conclusions as to admissibility are reviewed de novo, giving proper deference to the BIA's interpretation of the immigration laws. See Gailius v. INS, 147 F.3d 34, 43 (1st Cir. 1998). "[A] decision that an alien is not eligible for admission to the United States is conclusive unless manifestly contrary to law." 8 U.S.C. § 1252(a)(4)(C). Findings of willful misrepresentation are reviewed under the substantial evidence standard previously described. See Ymeri, 387 F.3d at 18. As Singh has not been admitted into this country, he bears the burden of proving that he is not inadmissible under 8 U.S.C. § 1182. See 8 U.S.C. § 1229a(c)(2)(A); Ymeri, 387 F.3d at 17.

During the March 28, 2003 hearing, the Boston IJ found the following:

> [Singh] provided false information at the time he applied for asylum. He provided false

> information again to the Immigration Judge in sworn testimony on October 15, 1999. He has apparently, in my view, proffered once again, documents [which] were simply tailored to his receiving benefits here in the United States. I believe that he has provided false information not only in his asylum application, but in connection with labor certification, in connection with the I-140, [and] in connection with his I-485 before this court.

In a written decision she further explained her position stating,

> I believe [Singh] has failed to establish eligibility for any form of relief before this Court insofar as I do not believe the document that he submitted indicating that he worked as a cook. I do not believe [his] testimony before this Court that he has been working as a cook here in Cambridge. I do not believe that the respondent testified truthfully before the Court in San Francisco.

The IJ also found that these intentional misrepresentations were made in an effort to receive the immigration benefits of asylum and adjustment of status in violation of 8 U.S.C. § 1182(a)(6)(C).

Petitioner argues that the Boston IJ's finding of willful misrepresentation was not supported by substantial evidence because the San Francisco IJ did not expressly find he made a willful misrepresentation. Although a negative credibility finding alone is not the equivalent of a finding of willful misrepresentation and the one does not necessarily lead to the other, here, the Boston IJ correctly read the San Francisco IJ's lack of credibility finding as resting on deliberate falsification. More than that, the Boston IJ made her own findings that petitioner had lied in connection

-10-

with his application for adjustment of status and on his employment certification form.  We have reviewed the record and see no reason to detail each of his numerous incidents of deceit.  He lied and did so repeatedly; that sealed his fate on admissibility.  Being inadmissible, he was not eligible for adjustment of status.

We **affirm** the denial of his various petitions.