# United States Court of Appeals
## For the First Circuit

No. 08-1752

FELIPE ANDRES VALENZUELA-SOLARI,

Petitioner,

v.

MICHAEL B. MUKASEY, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Selya and Boudin, Circuit Judges.

Samuel N. Omwenga on brief for petitioner.
Stuart S. Nickum, Trial Attorney, Office of Immigration
Litigation, Gregory G. Katsas, Assistant Attorney General, Civil
Division, U.S. Department of Justice, and Jennifer Paisner
Williams, Senior Litigation Counsel, on brief for respondent.

December 22, 2008

**LYNCH**, **Chief Judge**.  Felipe Andres Valenzuela-Solari, a native and citizen of Chile, petitions for review of a decision by the Board of Immigration Appeals ("BIA") finding him removable under 8 U.S.C. § 1227(a)(1)(B) for overstaying his visa and under 8 U.S.C. § 1227(a)(3)(D) for falsely representing himself to be a U.S. citizen.  Unlike many other immigration cases, this case does not involve a claim for asylum, withholding of removal, or relief under the Convention Against Torture.  The sole issue is removability; but within that issue is a question of law about the burden of proof raised by the respondent Attorney General.

Valenzuela-Solari argues that the government failed to provide clear and convincing evidence that he falsely claimed to be a U.S. citizen.  The respondent argues that because Valenzuela-Solari has conceded removability for overstaying, our review should proceed as if he bore the burden of proof on the false citizenship issue at his hearing.  We consider the respondent's argument but deny the petition for review.

I.

Valenzuela-Solari was admitted into the United States on January 21, 2001 on a visitor visa with permission to remain for six months.  He overstayed and worked illegally in the United States.  Rather foolishly given his status, Valenzuela-Solari traveled to the U.S. Virgin Islands for a vacation on August 7, 2006.  On August 14, 2006, he presented himself for inspection at

-2-

the airport in St. Thomas, intending to return to the continental United States, and was detained.  That led to removal proceedings.

Valenzuela-Solari received a Notice To Appear on August 14, 2006.  Valenzuela-Solari, as well as three officers of the Customs and Border Protection Agency ("CBP"), testified at a hearing in Puerto Rico before an Immigration Judge ("IJ") on December 14, 2006.

Valenzuela-Solari and the CBP officers gave different accounts as to what happened when he presented himself for inspection.  Gregory DeFeliz, the CBP officer who conducted the primary inspection, testified that Valenzuela-Solari approached and presented a Virginia driver's license.  After DeFeliz asked him where he was born, Valenzuela-Solari stated that he had been born in Chile.  When DeFeliz asked Valenzuela-Solari for a passport, visa, or green card, Valenzuela-Solari stated that he had been naturalized in the United States.  DeFeliz asked him, "so you're a U.S. citizen?"  Valenzuela-Solari said, "yes."  DeFeliz referred Valenzuela-Solari to secondary inspection.  DeFeliz testified that they communicated in English, that Valenzuela-Solari "spoke English very well," and that Valenzuela-Solari raised no objections to communicating in English.

Dolores Lorenzo, the officer who conducted the secondary inspection testified that Valenzuela-Solari immediately admitted to having lied about his citizenship.  Lorenzo testified that she took

a voluntary, sworn statement from Valenzuela-Solari after informing him of his rights. In the statement, Valenzuela-Solari stated that he had told DeFeliz that he "was a citizen of [the] USA but . . . didn't bring my passport." He also stated, "I am sorry to break the law." Lorenzo, who is bilingual in Spanish, stated that she and Valenzuela-Solari had conversed in English, that Valenzuela-Solari spoke English "very naturally," and that he had not expressed any difficulty understanding her or any desire to speak in Spanish. Lorenzo's testimony was corroborated by Alicia Blyden, a CBP officer who was present for most of the secondary inspection and witnessed Valenzuela-Solari's signing of the sworn statement.

Valenzuela-Solari testified that he had told DeFeliz that he was Chilean and that he was confused because he did not understand the terms "naturalization," "citizen," or "resident." Valenzuela-Solari stated that "at no moment" had he claimed to be a citizen of the United States and that he had not told DeFeliz that he was naturalized. He stated that he did not recall giving the answers memorialized in his sworn statement, though he admitted that he "apologized for what [he] said to the first officer." When the IJ asked Valenzuela-Solari why he would have apologized if he had done nothing wrong, Valenzuela-Solari answered that he had been nervous. Valenzuela-Solari also testified that he did not understand English very well and that he had failed to request an interpreter because he was confused.

The IJ issued an oral decision finding Valenzuela-Solari removable both for overstaying and for making a false claim of citizenship.[1]  She found it clear that Valenzuela-Solari had made a false claim of U.S. citizenship and that the government had established deportability by clear and convincing evidence.  She found Valenzuela-Solari's testimony "plainly [made] no sense" and did not outweigh the CBP officers' credible testimony and the sworn statement.  The IJ also noted that, though he claimed to have difficulty with English, Valenzuela-Solari did not ask for an interpreter or attempt to speak Spanish to Lorenzo.  The IJ stated that Valenzuela-Solari would not qualify for voluntary departure.

The BIA summarily affirmed and adopted the opinion of the IJ as the final decision of the agency.

## II.

Before proceeding to the merits, we address the government's claim that Valenzuela-Solari's concession of removability for overstaying means he can only seek review for the collateral consequences of the false claim of citizenship ruling and in that posture the statutory burden of proof shifts to the alien.  Recall that the IJ found two separate grounds to remove Valenzuela-Solari: his concession that he was removable and the

---

[1]    The IJ's opinion misidentified the statutory basis for removability under the latter charge as § 1227(a)(3)(B) rather than § 1227(a)(3)(D).  The Notice to Appear contained the correct statutory subsection, however, and the error did not appear in the IJ's final order.

finding that he had falsely claimed he was a U.S. citizen. Since he does not contest his concession, we would normally not hear a petition to review removability on that basis.

Valenzuela-Solari challenges the IJ's finding of removability for making a false claim of citizenship even though he concedes removability for overstaying and will therefore be deported regardless of whether or not we grant his petition. The government correctly notes that, under the collateral consequences doctrine, this court has jurisdiction to consider Valenzuela-Solari's petition for review of the false citizenship ground. See generally Tapia Garcia v. INS, 237 F.3d 1216, 1218 (10th Cir. 2001); cf. Leitao v. Reno, 311 F.3d 453, 455-56 (1st Cir. 2002).

Valenzuela-Solari's attack on the false citizenship finding is not moot. In Leitao, we held that a habeas petition presented a live controversy, even though the petitioner had already been deported and thus did not satisfy the custody requirement, because his conviction for an aggravated felony subjected him to a permanent bar to readmission. Leitao, 311 F.3d at 456. Importantly, Valenzuela-Solari's removal for making a false claim of citizenship would also subject him to a permanent bar to readmission, 8 U.S.C. § 1182(a)(6)(C)(ii)(I), a consequence that renders his petition reviewable.

The government argues that these circumstances shift the burden of proof. In the government's view, Valenzuela-Solari's

petition effectively "seek[s] a prospective determination[2] that he is not inadmissible [on false claim of citizenship grounds] . . . rather than . . . to reverse the immigration judge's deportability finding." The government argues it follows from this that Valenzuela-Solari bears the burden of proving that he is "clearly and beyond doubt entitled to be admitted and is not inadmissible." 8 U.S.C. § 1229a(c)(2)(A).

The question comes up because in removal proceedings under § 1229a, the burden is on the alien to show:

> (A) if the alien is an applicant for admission, that the alien is clearly and beyond doubt entitled to be admitted and is not inadmissible under section 1182 of this title; or
> (B) by clear and convincing evidence, that the alien is lawfully present in the United States pursuant to a prior admission.

Id. § 1229a(c)(2).[3]

By contrast, in removal proceedings, the government bears the burden of establishing by clear and convincing evidence that, in the case of an alien who has been admitted to the United States, the alien is deportable. Id. § 1229a(c)(3).

---

[2] In fact it was the government which chose to charge Valenzuela-Solari with both grounds of removal, making the IJ's decision on the false citizenship ground ripe for review.

[3] Section 1182(a)(6)(C) covers individuals who falsely claim citizenship or seek admission by misrepresentation. If Valenzuela-Solari were an applicant for admission and were found to have made a false claim of citizenship, he would be inadmissible under § 1182(a)(6)(C).

In cases where the alien in removal proceedings was not admitted to the United States and so is deemed to be an applicant for admission, we have held that the alien has the burden under § 1229a(c)(2)(A) of proving he is not inadmissible. Singh v. Gonzales, 413 F.3d 156, 161 (1st Cir. 2005); Ymeri v. Ashcroft, 387 F.3d 12, 17 (1st Cir. 2004). In both cases, the aliens were never "admitted" to the United States when they entered the country.

The respondent attempts to extend the rule from Singh and Ymeri to situations in which the alien has been admitted to the country but overstays. The government makes no effort to explain why this distinction makes no difference or why the fact that we are reviewing the removal order due to its collateral consequences shifts the burden. Further, the government makes the argument for the first time in this court. There is no hint of the argument being raised either before the IJ or the BIA. If the case turned on this question of who has the burden, our instinct would be to say that the government has waived the issue.

In the end, though, nothing turns on whether the alien, Valenzuela-Solari, bore the burden of establishing clearly and beyond doubt that he was not inadmissible or whether the government bore the burden; the outcome of the petition is the same. Even on the standard most favorable to the alien -- that the government bore the burden -- the IJ's decision was amply supported by substantial evidence, as set forth below.

-8-

Valenzuela-Solari challenges the IJ's conclusion that he is removable because he falsely claimed to be a U.S. citizen. He argues that the IJ erred in relying on the testimony of the CBP officers and on his sworn statement because that evidence was unreliable due to Valenzuela-Solari's limited understanding of English. He also argues that in any event he is not removable because even if he made what could be viewed as a false claim, he recanted his false claim of citizenship.[4]

Because the BIA summarily affirmed and adopted the IJ's opinion, we review the opinion of the IJ as if it were that of the BIA. Feliz v. Gonzales, 487 F.3d 71, 73 (1st Cir. 2007). Our review of the IJ's factual findings proceeds under the deferential substantial evidence standard. Kechichian v. Mukasey, 535 F.3d 15, 20 (1st Cir. 2008). We accept the findings unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see also Kechichian, 535 F.3d at 20.

Valenzuela-Solari's argument that the government's evidence was unreliable because of his limited knowledge of English is unavailing. The record did not compel the IJ to accept

_____

[4] Valenzuela-Solari also argues that because the IJ improperly credited the CBP officers' testimony while discounting his own, his due process rights were violated. This claim is frivolous. A review of the record demonstrates that Valenzuela-Solari received a full and fair hearing and that the IJ did not violate his due process rights. See Singh, 413 F.3d at 159 n.2 (rejecting a nearly identical claim).

Valenzuela-Solari's account of what transpired rather than the CBP officers' view. First, the premise of impaired English language ability is not supported by the record. The CBP officers testified credibly that Valenzuela-Solari seemed to understand their questions and spoke English well. As the IJ noted and as Valenzuela-Solari admitted, at no time did Valenzuela-Solari ask for an interpreter or request that he be interviewed in Spanish. If there is a claim of language disability, the alien must ordinarily raise it first in the agency proceedings. Cf. Muñoz-Monsalve v. Mukasey, No. 08-1291, ___ F.3d ___, 2008 WL 5193707, at * 3-4 (1st Cir. Dec. 12, 2008) (mental competence).

Second, the officers' testimony was clear and consistent and supported by Valenzuela-Solari's sworn statement. The CBP officers testified that they fully apprised Valenzuela-Solari of his rights before they took his sworn statement and that the statement accurately recorded the conversation between them and Valenzuela-Solari. Valenzuela-Solari has not established that his sworn statement, in which he admitted to making a false claim, was inaccurate or that he was coerced into providing it. The statement is corroborated by the officers' testimony as well as Valenzuela-Solari's own. In the statement, Valenzuela-Solari admitted that he apologized to the second CBP officer. The apology, as the IJ found, was for falsely claiming to the first officer that he was a U.S. citizen. Valenzuela-Solari's statement confirms that he made

-10-

at least one false claim of citizenship.  That alone is sufficient to warrant removal.  Cf.  Jackson-Omier v. Gonzales, No. 06-1398, 2007 WL 2473309, at *2 (1st Cir. Sept. 4, 2007) (per curiam) (holding that a single false claim of citizenship on a passport application was sufficient to warrant removability).

Valenzuela-Solari also argues that even if he did make a false claim of citizenship, he immediately recanted, and it is too draconian to bar him from future admission.  The IJ considered the argument and concluded that his later stories about getting confused and not recalling what he said "are just pretenses that [Valenzuela-Solari] is making up in order to cover up his wrongdoing."  His remorse at his removal hearing did not excuse his dissembling testimony.

Valenzuela-Solari did not present this issue to the BIA, and it does not qualify for one of the few narrow exceptions to the exhaustion requirement.  Consequently, we cannot consider his argument.  Kechichian, 535 F.3d at 22 (citing Kandamar v. Gonzales, 464 F.3d 65, 71 (1st Cir. 2006)).

IV.

Valenzuela-Solari's petition is denied.