# United States Court of Appeals
## For the First Circuit

No. 21-1922

BILIAN ARGELIO CANTE-LOPEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Barron, <u>Chief Judge</u>,
Lynch and Gelpí, <u>Circuit Judges</u>.

<u>Randy Olen</u> on brief for petitioner.
<u>Sherease Pratt</u>, Senior Litigation Counsel, with whom <u>Brian M. Boynton</u>, Principal Deputy Assistant Attorney General, and <u>Sheri R. Glaser</u>, Senior Litigation Counsel, were on brief, for respondent.

October 5, 2022

BARRON, **Chief Judge**. Bilian Argelio Cante-Lopez, a citizen of Guatemala, petitions for review of the denial by the Board of Immigration Appeals ("BIA") of his application for withholding of removal under 8 U.S.C. § 1231(b)(3). The BIA affirmed the Immigration Judge ("IJ") without opinion. The petition is dismissed due to Cante-Lopez's failure to exhaust an issue on which his challenge to the BIA's ruling depends.

**I.**

Cante-Lopez entered the United States without inspection on May 12, 2014 and was placed in removal proceedings on May 13, 2014. At his removal proceedings before the IJ in Boston, Massachusetts on December 20, 2018, he sought asylum and withholding of removal or, in the alternative, voluntary departure. The IJ denied Cante-Lopez's asylum claim and application for withholding of removal. The IJ then denied his request for voluntary departure.

In denying Cante-Lopez's application for withholding of removal, the IJ determined that Cante-Lopez had not suffered past "harm rising to the level" of statutory persecution. Next, the IJ determined that Cante-Lopez had failed to establish that the harm he had suffered was on account of a statutorily protected ground. Finally, the IJ determined that, "[f]or the reasons explained above," Cante-Lopez had failed to establish that it was more likely

than not that his "life or freedom would be threatened on account of any such protected ground" in the future.

Following the IJ's ruling, Cante-Lopez filed a notice of appeal with the BIA on Form EOIR-26. 8 C.F.R. § 1003.3(b). In the space provided to "[s]tate in detail the reason(s) for this appeal," Cante-Lopez stated:

> The Immigration Judge did deny the Respondent's applications for asylum and withholding of removal. The Immigration Judge did err in her application of the facts (multiple murders, extortions, threats) to the particular social group of family. It is submitted that the facts of record, credible facts, demonstrate that the motivation for the past persecutions to the Respondent's family was causually [sic] linked and that the motivation was kinship.

Cante-Lopez then filed a two-page brief in support of his appeal to the BIA. Cante-Lopez presented the issue as follows: "Did the Immigration Judge err in failing to find that the Respondent was entitled to a grant of withholding of removal based upon his membership in a particular social group." His brief relied on what he contended was BIA precedent "establish[ing] that family may serve as a particular social group for purposes of asylum/withholding analysis" and argued that Cante-Lopez was "the latest in a long line of threatened individuals from the same extended family of brothers and sisters and their offspring."

The BIA affirmed without opinion pursuant to 8 C.F.R. § 1003.1(e)(4). After securing new counsel, Cante-Lopez petitioned this court for review of the BIA's decision.

- 3 -

Cante-Lopez petitions for review of only the BIA's denial of the application for withholding of removal. Cante-Lopez contends that the IJ -- and thus the BIA, by affirming the IJ without opinion -- erred in denying his application for withholding of removal because the IJ wrongly determined that Cante-Lopez had not shown that the harm that he either had suffered or would suffer constituted persecution "on account of" a statutorily protected ground, given what he contends the record shows about the nexus between his family status and the harm that he both had suffered and would suffer. But, even if we were to assume that Cante-Lopez is right on that score, we still must dismiss his petition. The reason is that, as we will explain, the IJ denied Petitioner's application for withholding of removal for failure to meet his burden to show that either the harm that he had suffered or the harm that he would suffer rises to the level of persecution. 8 C.F.R. § 1208.16(b)(1)-(2). Yet, Cante-Lopez did not challenge that aspect of the IJ's ruling when he appealed that ruling to the BIA. Thus, Cante-Lopez cannot bring that challenge to us for the first time, given that the issue was not exhausted.

In contending otherwise, Cante-Lopez disputes that, with respect to his claim that he would suffer future persecution on account of his family status, the IJ made any determination as to whether the future harm that Cante-Lopez claimed that he would

suffer was severe enough to rise to the level of persecution. Thus, Cante-Lopez contends, he was not required to raise that issue before the BIA, as he contends that the IJ relied solely on the lack of a nexus in rejecting Cante-Lopez's future-persecution-based withholding of removal claim. But, we do not agree with that understanding of the IJ's ruling.

As we have noted above, in rejecting Cante-Lopez's claim for withholding of removal based on a showing of past persecution, the IJ relied on two distinct conclusions. First, the IJ determined that the record showed that Cante-Lopez's past harm did not rise to the level of statutory persecution. In addition, the IJ concluded that Cante-Lopez had failed to show that any harm he suffered prior to leaving Guatemala was inflicted on account of a statutorily protected ground because Cante-Lopez had failed to demonstrate that his family membership was the motivation for the harm. And, as we have also noted above, the IJ then rejected Petitioner's withholding of removal application insofar as it was based on a showing of future persecution "[f]or the reasons explained above." Thus, in context, we understand the IJ to have rejected Petitioner's future persecution claim on the same grounds as his past persecution claim: Cante-Lopez failed to show that any future harm would rise to the level of statutory persecution, and he failed to show that the motivation of any such future harm would be his family membership.

- 5 -

We note that this reading draws support not merely from the IJ's use of the phrase "[f]or the reasons explained above" (emphasis added). It also draws support from the fact that Cante-Lopez did not identify any evidence to support a finding of future persecution independent of his past persecution claims.

We understand Cante-Lopez's remaining contention to be that, even if the IJ did find that Cante-Lopez had failed to show that the harm he contended he would suffer in the future was not severe enough to constitute persecution, we may still address the merits of that finding by the IJ despite the fact that Petitioner did not challenge that finding before the BIA. Cante-Lopez contends that is so because the BIA affirmed the IJ without opinion.

Cante-Lopez is right that we have not squarely held that a failure to raise an issue to the BIA constitutes a failure to exhaust the issue that deprives us of jurisdiction when the BIA affirms the IJ without opinion. But, we have held that a failure to exhaust is fatal in cases where the BIA has affirmed the IJ without opinion. See Aguirre v. Holder, 728 F.3d 48, 55 (1st Cir. 2013); Jupiter v. Ashcroft, 396 F.3d 487, 490-91 (1st Cir. 2005); Un v. Gonzales, 415 F.3d 205, 210-11 (1st Cir. 2005); Kigozi v. Gonzales, No. 04-2090, 2005 WL 2170349, at *1 (1st Cir. Sept. 8, 2005); cf. Singh v. Gonzales, 413 F.3d 156, 160 n.3 (1st Cir. 2005) (exercising jurisdiction over issues raised before the BIA and

affirmed without opinion).  And every other circuit to have considered the issue has ruled similarly.  See Zhong v. U.S. Dep't of Just., 480 F.3d 104, 123 (2d Cir. 2007); Joseph v. Att'y. Gen., 465 F.3d 123, 126 (3d Cir. 2006); Alyas v. Gonzales, 419 F.3d 756, 761-62 (8th Cir. 2005); Zara v. Ashcroft, 383 F.3d 927, 931 (9th Cir. 2004); Alim v. Gonzales, 446 F.3d 1239, 1253 (11th Cir. 2006); cf. Atemnkeng v. Barr, 948 F.3d 231, 240-41 (4th Cir. 2020) (exercising jurisdiction over claims "adequately" exhausted before the BIA and affirmed without opinion); Lopez-Perez v. Garland, 35 F.4th 953, 956-57 (5th Cir. 2022) (same); Hassan v. Gonzales, 403 F.3d 429, 433 (6th Cir. 2005) (same); Pasha v. Gonzales, 433 F.3d 530, 534 (7th Cir. 2005) (similar).  Nor do we see any reason to conclude otherwise, given that the purpose of the exhaustion requirement is to provide the agency with an opportunity to address an issue in the first instance.  Mazariegos-Paiz v. Holder, 734 F.3d 57, 62-63 (1st Cir. 2013).  After all, the BIA's opportunity to address an issue in the first instance is not a function of whether it chooses to issue an opinion.  It is a function of whether the issue was presented to it for consideration.[1]  See id. at 63; Singh, 413 F.3d at 160 n.3.

---

[1] Petitioner contends that the IJ and BIA also erred by relying on Matter of A-B-, 27 I. & N. Dec. 316 (A.G. 2018), Matter of A-B-, 28 I. & N. Dec. 199 (A.G. 2021), and Matter of L-E-A-, 27 I. & N. Dec. 581 (A.G. 2019), three Attorney General decisions that were vacated while this matter was pending before this court. However, not one of these decisions is cited in the IJ's opinion.

## III.

For these reasons, the petition for review is **dismissed**.

---

Therefore, they do not form the basis of the IJ's ruling or the BIA's affirmance, and they have no bearing on this case.