**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2158
_____

SONIA MARIA VELOSO DA SILVA,
                                          Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
Agency No. A088-798-038
Immigration Judge: Alberto J. Riefkohl
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
March 23, 2023

Before: JORDAN, GREENAWAY, JR., and McKEE *Circuit Judges*

(Opinion filed: June 14, 2023)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Sonia Maria Veloso Da Silva petitions for review of the Board of Immigration Appeals' dismissal of her appeal of an immigration judge's denial of adjustment of status. For the following reasons, we will dismiss in part for lack of jurisdiction and deny in part.[1]

**I.**

Da Silva, a Brazilian national, arrived in the United States in 1994 under a temporary visitor's visa. She remained in the country when that visa expired. In 1997, although she had not left the U.S., Da Silva applied for another temporary visitor's visa. She did so by mailing her application to the U.S. Consulate in Brazil. That visa was granted.

In 2007, she applied for an adjustment of status. The United States Citizenship and Immigration Services denied this application, concluding that she was inadmissible because she had willfully misrepresented a material fact—namely, where she was resident—in her second visa application.

Da Silva was then placed into removal proceedings. The IJ found her removable as charged and ineligible for adjustment of status because of the same willful misrepresentation. The BIA affirmed the IJ's denial of Da Silva's adjustment of status and dismissed her appeal. This appeal followed.

---

[1] *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (noting that when jurisdiction "ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (citing *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)).

## II. [2]

We lack jurisdiction to review facts found as part of discretionary relief proceedings.[3] We maintain jurisdiction to review questions of law de novo.[4]

Da Silva argues that the BIA and IJ committed constitutional and legal error in concluding that she made a willful misrepresentation of a material fact. However, the determination of willfulness is a finding of fact.[5] Accordingly, we lack jurisdiction to review that claim and dismiss it.[6]

She further argues that the misrepresentation was immaterial.[7] We disagree. Her misrepresentation likely "shut off a line of inquiry" that otherwise would have revealed that she overstayed her first visa by more than a decade, which would likely have resulted

---

[2] We have jurisdiction to review most final orders of removal under 8 U.S.C. § 1252(a)(1). The BIA had jurisdiction to hear Da Silva's case under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15.

[3] "Federal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings under § 1255 and the other provisions enumerated in § 1252(a)(2)(B)(i)." *Patel v. Garland*, 142 S. Ct. 1614, 1627 (2022).

[4] 8 U.S.C. § 1252(a)(2)(D). *See Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017).

[5] "Whether a misrepresentation was willful is an issue of fact." *Romero v. Att'y Gen.*, 390 F. App'x 65, 69 (3d Cir. 2010) (citing *Singh v. Gonzales*, 413 F.3d 156, 160 (1st Cir. 2005)). *See also Mwongera v. I.N.S.*, 187 F.3d 323, 327–30 (3d Cir. 1999) (reviewing a willfulness determination as a finding of fact and concluding that substantial evidence supported the BIA's willfulness finding).

[6] *Patel*, 142 S. Ct. at 1627. Even if our Court could exercise jurisdiction, Da Silva's argument that she did not intend to mislead immigration officials fails because the element of willfulness does not require "intent to deceive; rather, knowledge of the falsity of the representation will suffice." *Mwongera*, 187 F.3d at 330. Da Silva acknowledges that her application contained incorrect information and the record supports a finding that she made the misrepresentation with knowledge of its falsity—quite obviously, she knew she was living in the United States, not visiting from Brazil.

[7] Because "the issue of materiality [is] a legal question," we review de novo. *Kungys v. United States*, 485 U.S. 759, 772 (1988).

in the denial of her second visitor visa application.[8] We therefore agree with the BIA that Da Silva did not meet her burden of demonstrating that she was admissible.[9]

Finally, Da Silva argues that her case should be remanded to the Board to consider the "legal impact of the defective charging document."[10] When a Notice to Appear omits the date and time of the first hearing, the omission is harmless where there is no apparent prejudice.[11] Because Da Silva fails to allege any prejudice caused by the omission of the date and time on her NTA, this argument also fails.[12]

### III.

For the reasons described above, we therefore dismiss the petition in part and deny it in part.

---

[8] *See Matter of D-R-*, 27 I. & N. Dec. 105, 113 (BIA 2017).
[9] *See Matter of Mensah*, 28 I. & N. Dec. 288, 292 (BIA 2021) (explaining that "the respondent bears the burden of establishing her eligibility for adjustment of status").
[10] Pet'r's Br. 15–16.
[11] *Chavez-Chilel v. Att'y Gen.*, 20 F.4th 138, 144 (3d Cir. 2021).
[12] *See id.* (finding that a remand was unwarranted when the lack of date and time on the NTA "did not impede [Petitioner's] opportunity to contest the charge against her, present evidence, and receive . . . relief.").